IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROOSEVELT LEE, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-CV-147 (MTT) |
| | ) |
| Warden WALTER BERRY, | ) |
| | ) |
| Respondent. | ) |

### ORDER

United States Magistrate Judge Charles H. Weigle recommended dismissing Petitioner Roosevelt Lee, Jr.'s petition for relief under 28 U.S.C. § 2254 (Doc. 1) as untimely and denying a certificate of appealability. Doc. 13. The Petitioner objected, so the Court reviewed the Recommendation de novo. Doc. 19. After review, the Court adopted the proposed findings, conclusions, and recommendations of the Magistrate Judge and denied a COA. Doc. 20. Petitioner now moves for reconsideration of the Court's order (Doc. 20) pursuant to Federal Rule of Civil Procedure 60(b)(2). Doc. 22.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6 (emphasis added). Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due

diligence, or (3) that the court made a clear error of law." *Id.* "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [his] prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Here, Petitioner says that on about August 8, 2011, he signed and mailed to the Houston County Superior Court a hand-written "Notice of Appeal" regarding the court denying his motion to withdraw his guilty plea. Doc. 22 at 2. Petitioner argues that his appeal is a "Post-Conviction Proceeding" that has not been ruled on and is newly discovered evidence sufficient to toll his matter or set aside the Court's order in favor of an evidentiary hearing. *Id.* Contrary to the Petitioner's argument, his "Notice of Appeal" is not newly discovered evidence. As the Magistrate Judge held and Respondent rightfully argues in his response, the court denied the Petitioner's motion because it lacked jurisdiction to rule on the matter. Docs. 1-4 at 1; 13 at 1-3; 24 at 5-6. Further, the Magistrate Judge held that Petitioner's motion to withdraw his guilty plea did not toll the one-year statute of limitations under § 2254. Doc. 13 at 2-5. Therefore, the Petitioner's § 2254 petition remains untimely his "newly discovered" appeal notwithstanding. At bottom, Petitioner labels "new evidence" an issue that has been addressed by the Magistrate Judge and the Court. Accordingly, his motion for reconsideration (Doc. 22) is **DENIED.**

A certificate of appealability "is 'required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a § 2254 or § 2255 proceeding.'" *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 851 F.3d 1158, 1169 (11th Cir. 2017) (citation omitted). The

"only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id.* (internal quotation marks and citations omitted). "When the district court denies a habeas petition on procedural grounds without reaching the … underlying constitutional claim," it should grant a COA only if the Petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (citations omitted).

The Court's holding that Petitioner "failed to demonstrate that he was entitled to have his judgment reopened under Rule 60(b)[] is a procedural ruling." *Id.* (citations omitted). Thus, Petitioner "must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not deserve encouragement to proceed further." *Id.* (internal quotation marks and citations omitted). Additionally, district courts have wide discretion regarding whether to grant relief under Rule 60(b) and "'Rule 60(b) proceedings are subject to only limited and deferential appellate review.'" *Id.* at 1170 (citation omitted). Thus, when a Petitioner seeks a COA after the Court's denial of a Rule 60(b) motion, "'the COA question is … whether a reasonable jurist could conclude that the District Court abused its discretion in declining to reopen the judgment.'" *Id.* For reasons fully stated in this order, the September 14, 2020 Recommendation and the Court's December 3, 2020 order adopting the Recommendation, no reasonable jurist could "conclude the District Court abused its

-4-

discretion in declining to reopen the judgment." *Lambrix*, 851 F.3d at 1170.

Accordingly, a certificate of appealability is **DENIED**.

**SO ORDERED**, this 1st day of February, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT