IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROOSEVELT LEE, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-CV-147 (MTT) |
| | ) |
| Warden WALTER BERRY, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner Roosevelt Lee, Jr. moves to proceed *in forma pauperis* on appeal and for a certificate of appealability. Docs. 28; 29. For reasons stated in the Court's previous order denying a COA (Doc. 25), the petitioner's motion for a COA (Doc. 29) is **DENIED**.

Applications to proceed IFP on appeal are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24.

28 U.S.C. § 1915 provides:

(a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
. . .
(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

>(1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>>(A) shows . . . the party's inability to pay or to give security for fees and costs;
>>(B) claims an entitlement to redress; and
>>(C) states the issues that the party intends to present on appeal.
>
>(2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed IFP on appeal. First, it must determine whether the petitioner is financially able to pay the filing fee required for an appeal. The petitioner's application and affidavit in support of his IFP request in this case indicate that he is unable to pay the $505 appellate filing fee. Docs. 28; 28-1.

Next, the Court must determine if the petitioner has satisfied the good faith requirement. "'[G]ood faith' … must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The petitioner demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

In his IFP on appeal motion, the petitioner does not present any non-frivolous arguments for consideration.  Doc. 28 at 1.  Instead, he raises arguments that United States Magistrate Judge Charles H. Weigle addressed in his Recommendation, which the Court adopted.  Docs. 13; 20; 28 at 1.  Moreover, the Court denied the petitioner's motion for reconsideration and a COA for similar reasons.  Docs. 22; 25.  The appeal, therefore, is not brought in good faith.  Accordingly, the petitioner's motion to proceed IFP on appeal (Doc. 28) is **DENIED**.

**SO ORDERED**, this 18th day of March, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT